IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SERGIO FUENTES,**

    **Plaintiff,**

vs.                                                                  Case No. 4:12cv56-SPM/CAS

**CLASSIFICATION OFFICER ROBINSON,
and THE FLORIDA DEPARTMENT OF
CORRECTIONS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 15.  The amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff is confined in South Florida at the Glades Work Camp.  Doc. 15.  The events at issue in this case also occurred at the Glades Work Camp.  Plaintiff has named two Defendants in this case: Barbara Robinson, his classification officer, and the Florida Department of Corrections.  *Id.*

Plaintiff complains that Defendant Robinson has failed to correct and lower Plaintiff's custody status.  Doc. 15.  Plaintiff contends that Defendant Robinson has based Plaintiff's custody determination on a charge for which Plaintiff was apparently arrested but never charged.  Plaintiff contends that unnamed Department of

Corrections's officials have been negligent in not correcting Defendant Robinson's decision.  *Id.*[1]

When Plaintiff was directed to submit an amended complaint, Plaintiff was directed to omit the Florida Department of Corrections as a Defendant in this case because Plaintiff did not present any claims against the Defendant and, moreover, because the doctrine of *respondeat superior* does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), *cited in* doc. 13.  Plaintiff has retained the Department of Corrections as a Defendant, but has not provided any basis to proceed on a claim against the Department.  Negligence is insufficient and the Department of Corrections is not a "person" that may be sued under § 1983.  Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).  Therefore, the Department of Corrections must be dismissed as a Defendant in this case.

In light of the above, this dismissal would leave Barbara Robinson as the only Defendant in this case and that Defendant is not located within the jurisdiction of the Northern District of Florida.  The Defendant is employed at Glades Work Camp in Belle Glade, Florida, which is a city within Palm Beach County, Florida.  Because Palm Beach

---

[1] Plaintiff failed to set forth the factual allegations in separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b) and as directed.  Doc. 13.

County is located in the Southern District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Palm Beach Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that the Florida Department of Corrections be **DISMISSED** as a Defendant from this case, and that the case be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Palm Beach Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**